**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| DAVID DEHAAS ) <br> ) <br> and ) <br> ) <br> WENDY DEHAAS, ) <br> ) <br>        Petitioners, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES INTERNAL ) <br> REVENUE SERVICE, ) <br> ) <br>        Respondent. ) <br> _____) | Case No.  07-MC-6341-S-EJL <br><br> **REPORT AND RECOMMENDATION** |

Currently pending before the Court are (1) Petitioners' Petition to Quash IRS Summons (Docket No. 1), (2) Respondent's Motion to Summarily Dismiss Petition to Quash IRS Summons (Docket No. 4), and (3) Respondent's Counter-Petition to Enforce IRS Summons (Docket No. 5). In the interest of avoiding further delay, and because the Court conclusively finds that the decisional process on the pending motions would not be significantly aided by oral argument, the Court will address and resolve the Motions without a hearing. Having carefully reviewed the record and otherwise being fully advised, the Court enters this Report and Recommendation:

**I. INTRODUCTION**

Respondent, the Internal Revenue Service ("IRS"), is conducting an examination into the income tax liabilities of Petitioners, David and Wendy DeHaas (collectively "Petitioners"), for the 2003, 2004, and 2005 tax years. *See* Mem. in Supp. of Mot. to Dismiss Pet. and CounterPet.

**REPORT AND RECOMMENDATION - 1**

to Enforce IRS Summons, p. 2 (Docket No. 6).  To this end, the IRS issued administrative summonses to Intermountain Gas, Idaho Power, Wells Fargo Bank, Key Bank, U.S. Bank, and United Heritage Life Insurance Company, directing the production of certain books, papers, records, and other data concerning the relevant tax periods.  *Id*.  Petitioners seek to quash each of these summons for the following three reasons:  (1) the IRS already has or is being provided the information requested; (2) the IRS failed to comply with its notice requirements; and (3) the IRS acted in bad faith by providing Petitioners with non-functioning phone numbers before issuing the contested summonses.  *See* Pet. to Quash IRS Summons, pp. 1-5 (Docket No. 1).

## II.  ANALYSIS

The IRS has broad authority to issue summonses under 26 U.S.C. § 7602.  The Supreme Court has analogized the IRS's summons power to the subpoena power of other government agencies, noting that the Government "can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not."  *See United States v. Powell*, 379 U.S. 48, 57 (1964) (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950)).

Under *Powell*, IRS summonses are enforceable when the Government presents a *prima facie* case for enforcement and the taxpayer fails to establish an adequate defense.  *Id*. at 57-58.  A case for enforcement is established upon a showing that: (1) the summons was issued for a legitimate purpose; (2) the summoned information may be relevant to that purpose; (3) the information sought is not already within the IRS's possession; and (4) the administrative steps required by the IRS for issuance and service of the summons have been followed.  *Id*.

The Government's burden is "slight" and may be satisfied "'by a declaration from the investigating agent that the *Powell* requirements have been met.'"  *See Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999) (quoting *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414

**REPORT AND RECOMMENDATION - 2**

(9th Cir. 1993)).  This burden is  minimal "'because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.'"  *See Crystal*, 6 F.3d at 1144 (quoting *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985)).

Once the Government makes a *prima facie* case for enforcement, "'those opposing enforcement of a summons . . . bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the [IRS] . . . .  Without a doubt, this burden is a heavy one.'"  *Id*. (quoting *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997)).  To meet this heightened burden, "the taxpayer must allege specific facts and evidence to support his allegations of bad faith or improper purpose."  *Id*.

A.      **The Summonses were Issued for a Legitimate Purpose and are Relevant to that Purpose**

Jon Huber is a duly commissioned Revenue Agent employed by the Small Business/Self Employed Division of the Internal Revenue Service, located in Boise, Idaho.  *See* Mem. in Supp. of Mot. to Dismiss Pet. and CounterPet. to Enforce IRS Summons, p. 2 (Docket No. 6) (citing Huber Decl., ¶ 3 (Docket No. 7)).  As a Revenue Agent, Agent Huber is authorized to issue summonses pursuant to 26 U.S.C. § 7602, 26 C.F.R. § 301.7602-1, and Internal Revenue Service Delegation Order No. 4 (as revised).  *See* Mem. in Supp. of Mot. to Dismiss Pet. and CounterPet. to Enforce IRS Summons, p. 2 (Docket No. 6) (citing Huber Decl., ¶ 2 (Docket No. 7)).  In this capacity, Agent Huber is examining Petitioners' tax liabilities and, pursuant to 26 U.S.C. § 7602, issued summonses for the specific purpose of determining such liabilities, if any.

According to Agent Huber, Petitioners have not filed their federal individual income tax returns for the 2004 and 2005 tax years.  *See* Huber Decl., ¶ 4 (Docket No. 7).  Moreover, based upon Agent Huber's review of Petitioners' 2003 federal individual income tax returns, he

**REPORT AND RECOMMENDATION - 3**

determined that Petitioners reported insufficient income to support their known expenses.  *Id*. at ¶ 5.  Where there are indicators of unreported income, one approach to determine a taxpayer's liability is to obtain information from expected payees - utility companies, banks, and insurance companies, for example.  *Id*. at ¶¶  6 & 19.  Such information may be used to identify undisclosed business associations and to reconstruct income.  *Id*.  It therefore appears the information sought through the summonses will help Agent Huber determine the extent of Petitioners' income between 2003 and 2005 and, consequently, Petitioners' tax liability, if any.

Because the summoned information is relevant to the legitimate purpose of determining Petitioners' tax liability, the first two prongs of the *Powell* test have been satisfied.  Other than arguing the IRS provided a non-functioning phone number before issuing the summonses in question,[1] Petitioners offer no substantive argument to the contrary.  *See United States v. Kis*, 658 F.2d 526, 535 (7th Cir. 1981) ("[T]he burden on the taxpayer to prove Government wrongdoing is significantly greater than that on the Government to show its legitimate purpose.").  Therefore, the summonses were issued for a legitimate purpose and are relevant to that purpose.

**B.      The Information Sought is Not Already in the IRS's Possession**

For each summons issued to each third-party entity, Petitioners state that "the IRS already has or is being provided the information requested."  *See* Pet. to Quash IRS Summons,

---

[1]  Without any support via affidavit or otherwise, Petitioners contend that Agent Huber acted in bad faith by failing to provide a working telephone number to Petitioners prior to issuing the summonses.  *See* Pet. to Quash IRS Summons, pp. 3-5.  In contrast, the IRS offers Agent Huber's Declaration which contradicts Petitioners' claims.  There, Agent Huber states that Petitioners left voice mail messages on Agent Huber's direct telephone number on three separate occasions.  *See* Huber Decl., ¶ 7 (Docket No. 7).  When Petitioner David DeHaas indicated there were problems with Agent Huber's telephone system, Agent Huber provided Petitioners with his manager's telephone number.  *See id*.  Thereafter, Agent Huber telephoned each extension line from an off-site location and each line worked properly.  *See id*.  Simply put, Petitioners offer no evidence contradicting Agent Huber's position in this respect.

**REPORT AND RECOMMENDATION - 4**

pp. 2-5 (Docket No. 1). However, Petitioners altogether fail to substantiate this argument beyond the conclusory statements within their Petition to Quash IRS Summons (Docket No. 1). There are no alleged facts supporting such a claim and, likewise, no supporting affidavit or declaration supporting this alleged justification for quashing the summonses or conducting an evidentiary hearing. In short, there is no evidence indicating which records have been or are being provided to the IRS; therefore, there is no basis upon which this Court can grant the relief Petitioners seek. *See Kis*, 658 F.2d 526 at 540 ("If the taxpayer cannot develop even the evidence necessary to meet [his burden], then an evidentiary hearing would be a waste of judicial time and resources."). Further, according to Agent Huber's sworn Declaration, "[t]he books, papers, records, or other data sought by the summonses . . . are not already in the possession of the [IRS]." *See* Huber Decl., ¶ 18 (Docket No. 7).[2] These factors combine to satisfy the IRS's initial burden in this respect. As a result, because Petitioner's have not refuted the IRS's position, the third prong of the *Powell* test has been satisfied.

**C.     The IRS Complied with the Administrative Requirements within 26 U.S.C. § 7609**

Petitioners argue that the IRS provided them with notice of the summons one day late and, therefore, failed to comply with the administrative requirements within 26 U.S.C. § 7609. *See* Pet. to Quash Summons, pp. 2-5 (Docket No. 1). In response, the IRS claims that they properly provided notice of the summonses and, even if not, a one-day delay caused no prejudice upon Petitioners and, as a result, was harmless. *See* Mem. in Supp. of Mot. to Dismiss Pet. and CounterPet. to Enforce IRS Summons, pp. 8-9 (Docket No. 6).

---

[2] Although Idaho Power and Wells Fargo have apparently replied to their respective summons by sending Agent Huber a mailing, their responses remain sealed pending the resolution of Petitioners' Petition to Quash IRS Summons (Docket No. 1). *See* Huber Decl., ¶ 17 (Docket No. 7).

**REPORT AND RECOMMENDATION - 5**

26 U.S.C. § 7609 speaks to the issue of notice to the subject persons identified within a third-party summons, stating:

> If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code . . . with respect to, any person . . . who is identified in the summons, *then notice of the summons shall be given to any person so identified within 3 days of the day on which service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined.* Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons
>
> *Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice . . .*

26 U.S.C. § 7609(a)(1) & (2) (emphasis added).

Here, the IRS, through Agent Huber, personally served attested copies of the summonses upon Intermountain Gas, Idaho Power, Key Bank, and U.S. Bank on October 25, 2007. *See* Mem. in Supp. of Mot. to Dismiss Pet. and CounterPet. to Enforce IRS Summons, pp. 2-3 (Docket No. 6) (citing Huber Decl., ¶ 10 (Docket No. 7)). Also on October 25, 2007, Agent Huber mailed an attested copy of the summons upon Wells Fargo Bank. *See* Mem. in Supp. of Mot. to Dismiss Pet. and CounterPet. to Enforce IRS Summons, p. 3 (Docket No. 6) (citing Huber Decl., ¶ 11 (Docket No. 7)). The next day, October 26, 2007, Agent Huber personally served an attested copy of the summons upon United Heritage Life Insurance Company. *See* Mem. in Supp. of Mot. to Dismiss Pet. and CounterPet. to Enforce IRS Summons, p. 3 (Docket No. 6) (citing Huber Decl., ¶ 12 (Docket No. 7)). Relevant to the notice inquiry, the IRS does

**REPORT AND RECOMMENDATION - 6**

not dispute that it provided Petitioners with notice of the summons on October 29, 2007. Such notice, in fact, falls one day after the three-day notice requirement following the October 25, 2007 service of the summonses to Intermountain Gas, Idaho Power, Key Bank, U.S. Bank, and Wells Fargo Bank.[3] *See* Mem. in Supp. of Mot. to Dismiss Pet. and CounterPet. to Enforce IRS Summons, p. 3 (Docket No. 6) (citing Huber Decl., ¶ 15 (Docket No. 7)).

Importantly, however, the IRS claims that its October 29, 2007 notice was not the *first* notice sent to Petitioners; instead, its October 29, 2007 efforts represented its *second* attempt to notify Petitioners of the outstanding summonses. According to the IRS, Agent Huber first gave notice of all the summonses to Petitioners on October 26, 2007 by mailing notices addressed to Wendy DeHaas at David and Wendy DeHass's last known address. *See* Mem. in Supp. of Mot. to Dismiss Pet. and CounterPet. to Enforce IRS Summons, p. 3 (Docket No. 6) (citing Huber Decl., ¶ 13 (Docket No. 7)). Agent Huber never received a return receipt and the notices were ultimately returned. *See* Mem. in Supp. of Mot. to Dismiss Pet. and CounterPet. to Enforce IRS Summons, p. 3 (Docket No. 6) (citing Huber Decl., ¶ 14 (Docket No. 7)).[4]

As referenced above, notice of summonses may be accomplished by mailing the summonses themselves to the last known address of the person(s) entitled to notice. *See* 26 U.S.C. § 7609(a)(2). Agent Huber's unrebutted Declaration acknowledges notice on October 29,

---

[3] Because the United Heritage Life Insurance Company Summons was served on October 26, 2007, the October 29, 2007 notice to Petitioners should be considered timely in any event.

[4] The returned enveloped, attached as Exhibit H to Agent Huber's Declaration, appears to indicate an October 26, 2007 postmarked date, followed by an October 27, 2007 first notice attempt. *See* Ex. H to Huber Decl. (Docket No. 7). Unclear to the Court, however, is how the IRS knew to issue a second notice on October 29, 2007 when it appears the original October 26, 2007 notice was returned on or around November 12, 2007. *See id*. Regardless, the issue is notice and, based upon Agent Huber's Declaration and accompany exhibits, the IRS's first notice occurred on October 26, 2007.

**REPORT AND RECOMMENDATION - 7**

2007 only after he first attempted to provide notice by mailing copies of the summonses to Petitioners at their last known address on October 26, 2007. *See* Huber Decl., ¶¶ 13-15 (Docket No. 7). Pursuant to 26 U.S.C. § 7609, and without any evidence to the contrary, such notice is sufficient. Therefore, the fourth and final prong of the *Powell* test is satisfied.[5]

### D.    Petitioners Fail to Show that the Summonses are an Abuse of Process

Since the IRS has met all of the requirements of the *Powell* test, the burden shifts to Petitioners to show that enforcement would be an "abuse of process." *Fortney v. United States*, 59 F.3d 117, 120 (9th Cir. 1995). To carry this burden, Petitioners must show more than mere legal conclusions; they must allege specific facts and evidence to support their allegations. *Liberty Fin. Servs*, 778 F.2d at 1392.[6] Petitioners' bare allegations within their Petition to Quash

---

[5] Even assuming the IRS's notice was deficient, thus contributing to a one-day delay in receiving notice, said delay caused no actual prejudice to justify quashing the IRS's summonses. *See, e.g.*, *Cook v. United States*, 104 F.3d 886, 889 (6th Cir. 1997) (disputing notion that every technical stricture of 26 U.S.C. § 7609 renders void every third party summons, holding "[a] more equitable resolution would confer discretion upon the trial courts to excuse the Service's technical notification default *if, and only if,* the party (or parties) entitled to statutory notification was (or were) not substantially prejudiced by the violation - that is, if the error was harmless." (emphasis in original)). Here, Petitioners suffered no prejudice from any one-day delay because they were able to file, and did file, a motion to quash which stayed the proceedings. This nominal delay (even assuming it existed), combined with the lack of prejudice to Petitioners leads the Court to believe that any defect is harmless. The Sixth Circuit in *Cook* reasoned, "[t]his [C]ourt will not compel a futile and pointless duplication of effort by the government, the attendant waste of public resource and those of the bank, and the concomitant delay of a criminal investigation which would flow from a rigid formal adherence to statutory notification requisites divorced from the realities of the particular case." *Cook*, 104 F.3d at 890. This Court also declines to elevate form over substance.

[6] *See also United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1444 (10th Cir. 1985) ("In responding to the Government's showing, it is clear that a taxpayer must factually oppose the Government's allegations by affidavit. Legal conclusions or mere memoranda of law will not suffice. . . . . [I]f at this stage the taxpayer cannot refute the government's *prima facie* [good faith] showing or cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing.") (quotations, citations omitted).

**REPORT AND RECOMMENDATION - 8**

IRS Summons (Docket No. 1), without more, do little to show that the summonses are an abuse of process. Therefore, Petitioners have failed to satisfy their burden to refute the IRS's showing or otherwise demonstrate an abuse of this Court's process.

### III.  RECOMMENDATION

In accordance with the foregoing, it is RECOMMENDED that the District Court enter an order consistent with the following:

1. Petitioners' Petition to Quash IRS Summons (Docket No. 1) be DENIED;

2. Respondent's Motion to Summarily Dismiss Petition to Quash IRS Summons (Docket No. 4) be GRANTED; and

3. Respondent's Counter-Petition to Enforce IRS Summons (Docket No. 5) be GRANTED.

4. This case closed.



DATED: **July 2, 2008**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**REPORT AND RECOMMENDATION - 9**